■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. ROBERTA FOWLER, Appellant.— Appeal from a judgment of the County Court of Albany County, rendered February 21, 1974, convicting defendant of the criminal sale of a controlled substance in the third degree. Defendant was indicted, tried and convicted of the sale of a controlled substance in the third degree. On this appeal, among other things, she attacks the recently enacted "drug law" as being unconstitutional. We rejected a similar attack in *People* v. *Venable* (46 A D 2d 73). In addition, defendant contends that her conviction should be reversed because of various errors committed by the trial

court. Finally, she maintains that she was deprived of a fair trial because the People permitted a material witness to leave the jurisdiction. We find no merit to this latter contention. There is no proof in the record that the People aided this particular individual in leaving the jurisdiction. In any event, the prosecution was not required to call the individual. (*People* v. *Vaughn,* 35 A D 2d 889.) His name was disclosed at the identification hearing and there is no proof that defendant intended to call him. We are not persuaded by defendant's argument that it was improper for the court to permit the People to further cross-examine a defense witness on matters relating to the alleged sale which were not brought out on direct examination. The court, in our view, did not abuse its discretion in allowing the examination on this new matter. (See *People* v. *Reaves,* 30 A D 2d 828.) Neither are we persuaded by defendant's contention that the court erred in refusing to charge the jury on the defense of agency (*People* v. *Jamison,* 29 A D 2d 973), nor in refusing to suppress the in-court identification by the undercover agent. It is significant that defendant admitted being at the scene of the sale and the witness had ample opportunity to observe defendant not only when the sale was made, but on other occasions. (*People* v. *Miller,* 43 A D 2d 605.) Considering the record in its entirety, the judgment should be affirmed. Judgment affirmed. Herlihy, P. J., Sweeney, Kane, Main and Reynolds, JJ., concur.